PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHEILA JURINE LAWSON, | ) | |
| | ) | CASE NO. 4:10cv2945 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CITY OF YOUNGSTOWN, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Regarding ECF No. 81] |

This matter is before the Court upon *pro se* Plaintiff Sheila Lawson's Motion for Reconsideration (ECF No. 81) of the Court's Order (ECF No. 67) granting Defendant Youngstown Municipal Court's ("YMC") unopposed Motion to Dismiss Party (ECF No. 66). The Court grants Plaintiff's motion (ECF No. 81) but, after additional consideration, concludes that the ruling remains unchanged for the reasons stated below.

## I. Background

This case was brought by Plaintiff against YMC and other state defendants alleging racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. with companion claims pursuant to the Ohio Civil Rights Act ("OCRA"), O.R.C. § 4112.02; public policy claims; hostile work environment; harassment; deprivation of federal constitutional and statutory rights; retaliation for exercising federal constitutional rights; and wrongful termination.[1] ECF No. 35.[2] Plaintiff seeks compensatory and punitive damages,

---

[1] Plaintiff brought this action against the City of Youngstown, YMC, Judge Elizabeth A. Kobly, James C. Sofranik, Anthony C. Villio, George Denney and Jonathan Huff. The

attorneys' fees, back pay, front pay, lost benefits, interest, injunctive relief and reinstatement. ECF No. 35 at 23. On May 31, 2012, YMC motioned the Court to dismiss it as a party to the action pursuant to Federal Rule of Civil Procedure 12(b)(6) based upon its belief that a court may not be sued in its own right. ECF No. 66 at 2. The motion was unopposed, and the Court granted YMC's motion to dismiss. ECF No. 67.

Shortly thereafter, the Court referred the case to Magistrate Judge George J. Limbert for general pretrial supervision, including all motions. ECF No. 70. A status conference was held on August 27, 2012, wherein the magistrate judge set dates, including a cut-off for Plaintiff to file a motion to reconsider the Court's previous Order dismissing YMC. ECF No. 72 at 1. Plaintiff did so (ECF No. 81), and YMC filed a response (ECF No. 87).

## II. Legal Standard

The authority to reconsider denial before final judgment has been entered is well established. *E.g.*, Fed.R.Civ.Pro. 54(b); *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) ("[a] court has the power to revisit prior decisions of its own ... in any circumstance."). While a motion for reconsideration should not be used to re-litigate issues previously considered, courts traditionally will find justification for reconsidering interlocutory orders when there is: 1) an intervening change of controlling law; 2) new evidence; or 3) a need to correct a clear error or prevent manifest injustice. *Rodriguez v. Tennessee Laborers Health &*

individuals are employees of the City of Youngstown, Youngstown Municipal Court, or the Youngstown Human Relations Commission. ECF No. 35 at 3-4.

[2] After filing her Motion for Reconsideration, Plaintiff filed a Fourth Amended Complaint (ECF No. 82).

*Welfare Fund*, 89 Fed. App'x. 949, 959 (6th Cir. 2004) (unpublished disposition) (citing *Reich v. Hall Holding Co.*, 990 F.Supp. 955, 965 (N.D.Ohio 1998)).

When the instant Court considered YMC's motion to dismiss, that motion was unopposed. With the benefit of briefing on the matter, the Court revisits its prior decision.[3]

**III. Discussion**

YMC has not alleged immunity—only that, pursuant to Ohio law, it is not independent, *i.e.* not *sui juris*, and is therefore not an entity capable of being sued. ECF No. 87 at 5-8. It is well settled law in Ohio that, absent express statutory authority, a court can neither sue nor be sued in its own right. *Malone v. Court of Common Pleas of Cuyahoga County*, 344 N.E.2d 126, 128 (Ohio 1976) (citing *State ex rel. Cleveland Municipal Court v. Cleveland City Council*, 296 N.E.2d 544, 546 (Ohio 1973); *See also* *Raheem v. Svoboda*, 2010 WL 4365768 (Ohio App. Ct. Nov. 4, 2010); *Hawkins v. Youngstown Mun. Court,* 2012 WL 4050167 (N.D.Ohio Sept. 13, 2012 ). The question becomes what equates to "express statutory authority."

Plaintiff argues that Title VII provides express statutory authority for an action against a court because the definition of "employer"can be read to include a court. ECF No. 81 at 2. Title VII defines "employer" as:

---

[3] YMC argues the Court should not grant reconsideration because the motion is an attempt to circumvent the Federal Rules of Appellate Procedure, which would have required Plaintiff to file a Notice of Appeal within 30 days of the Court's Order. ECF No. 87 at 2. Nevertheless, Plaintiff was granted leave to file a motion for reconsideration (ECF No. 72) and the Court has the "inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *McWhorter v. ELSEA, Inc*. 2006 WL 3483964, at *1 (S.D.Ohio Nov. 30, 2006) (citing *Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1 (1943)).

> a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, but such term does not include (1) the United States, a corporation wholly owned by the Government of the United States, an Indian tribe, or any department or agency of the District of Columbia subject by statute to procedures of the competitive service...

42 U.S.C. § 2000e(b). A "person" is defined as "one or more individuals, governments, governmental agencies, political subdivisions...corporations..." § 2000e(a). Furthermore, an "employee" is primarily defined through its exemptions, such exemptions including "any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office." § 2000e(f). The definition further provides that the exemptions do not include "employees subject to the civil service laws of a State government, governmental agency or political subdivision." *Id.*

The Sixth Circuit has held that Congress abolished Eleventh Amendment immunity in the context of Title VII. *See* *Johnson v. University of Cincinnati*, 215 F.3d 561, 571 (6th Cir. 2000) (Title VII race discrimination claims survive immunity); *Timmer v. Michigan Dept. of Commerce*, 104 F.3d 833, 836 (6th Cir. 1997) (statutory authority for Equal Pay Act abolished immunity, citing *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976) as finding Congress expressly authorized Eleventh Amendment abolishment in Title VII cases).[4] *See also* *Ussery v. State of La.*

---

[4] Conversely, the Sixth Circuit has previously held that a court cannot be sued in an action brought pursuant to § 1983 or the Age Discrimination in Employment Act. *See* *Mumford v. Basinski*, 105 F.3d 264, 268 fn. 3 (6th Cir. 1997) (section 1983 claims precluded because Congress did not abrogate State's Eleventh Amendment immunity from legal actions in federal court by enacting section 1983); *but see* *Alkire v. Irving*, 330 F.3d 802. 812-3 (6th Cir. 2003)

(4:10cv2945)

*on Behalf of Louisiana Dept. of Health and Hospitals*, 150 F.3d 431, 434-35 (5th Cir. 1998); *Cerrato v. San Francisco Community College Dist*., 26 F.3d 968, 975-76 (9th Cir. 1994). Thus, it is settled law that Congress abolished State immunity in the context of Title VII.

However, the question of whether a court is the proper defendant in a Title VII action compels an additional analysis. Pursuant to Federal Rules of Civil Procedure 17(b)(3), the capacity to sue or be sued in Federal court is determined by the law of the State in which that court is located. Thus, the State of Ohio is the only entity capable of providing express authority for a court to be sued—Title VII cannot provide that authority. *Id*. *See also* *Williams v. City of Columbus, Ohio*, 2012 WL 4009592, at *3 (S.D.Ohio Sept. 12, 2012) (dismissal of the municipal court in a § 1983 and Title VII action alleging racial and sexual harassment "because under Ohio law, Ohio courts are not *sui juris*.")[5] Therefore, Title VII does not provide statutory authority for

---

(issue of whether a court is entitled to Eleventh Amendment immunity in section 1983 cases depends upon multiple factors including whether the State would be legally liable for a judgment against the court); *Kovacevich v. Kent State University*, 224 F.3d 806, 816 (6th Cir. 2000) (Congress did not properly abrogate State immunity when enacting the ADEA, citing *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000)).

[5] Judge Marbley had granted dismissal of the Franklin Municipal Court in a previously issued Order, stating:

> Under Federal Rule of Civil Procedure 17(b)(3), the capacity to sue or be sued in federal court is determined by the law of the state in which that court is located. The Supreme Court of Ohio has held that, absent statutory authority, Ohio courts are not *sui juris*. *Malone v. Court of Common Pleas of Cuyahoga County*, 45 Ohio St. 2d 245, 248 (Ohio 1976). *Accord Leisure v. Franklin County Court of Common Pleas*, No. 2:07-cv-817, 2008 U.S. Dist. LEXIS 86404 (S.D. Ohio Sept. 8, 2008) (Marbley, J.) (relying on Ohio law). Williams has not pointed to any statute authorizing suit against the Municipal Court, and the Defendants' motion to dismiss the Municipal Court must accordingly be GRANTED as to all claims.

a court to be sued.

Plaintiff additionally asserts that, like Title VII, OCRA provides express statutory authority for a court to be sued in its own right based upon the definition of "employer" contained in the statute. ECF No. 81 at 2-3. OCRA defines "employer"as "the state, any political subdivision of the state, any person employing four or more persons within the state, and any person acting directly or indirectly in the interest of an employer." R.C. § 4112.01(2). "Person" is defined as "one or more individuals...corporations...the state and all political subdivisions, authorities, agencies, boards, and commissions of the state." § 4112.01(1). The plain language of R.C. § 4112.01 does not expressly provide statutory authority for suing a court. Plaintiff does not make any further arguments or posit theories of statutory interpretation, nor does she supply applicable case law or additional provisions of the Ohio Revised Code that would support her position.[6] The Court notes that there is little legal authority–either presented by the parties or found by the Court–detailing whether there is statutory authority enabling suit against a court in OCRA cases.

---

*Williams*, Case No. 2:10-cv-01155, ECF No. 16 at 6. The *Williams* plaintiff, like Plaintiff in the instant action, argued Title VII provided statutory authority for a court to be sued. *See Williams*, Case No. 2:10-cv-01155, ECF No. 12 at 3.

[6] Plaintiff relies upon *Reece v. Miami County Municipal Court*, 1996 WL 562777 (Ohio App. Ct. Sept. 27, 1996), for the proposition that a court is *sui juris* because the *Reece* court permitted the Title VII and OCRA case to go to a jury on the merits against the municipal court. ECF No. 81 at 3. YMC argues the opinion contains no explanation as to why this occurred and there is nothing to suggest the defendant municipal court ever asserted it was not *sui juris*. ECF No. 87 at 7. Given the absence of any mention of a court's status as a suable entity, *Reece* is not particularly useful.

(4:10cv2945)

Courts have held that under Ohio law police departments and county sheriff's offices are *sui juris* and may not be sued in their own right. *Jones v. Marcum*, 197 F.Supp.2d 991, 997 (S.D. Ohio 2002) (in a section 1983 case, finding police department was not *sui juris* under Ohio law); *Papp v. Snyder*, 81 F.Supp.2d 852, 857 n.4 (N.D. Ohio 2000) (same); *Yahnke v. Nixon*, 2010 WL 3420650 at *1 (N.D.Ohio, Aug. 27, 2010); ("[a] county sheriff's office is not a legal entity capable of being sued for purposes of § 1983."). A police department was not *sui juris* in an employment discrimination action brought pursuant to Title VII and the Ohio Revised Code. *Rodgers v. City of Cleveland*, 2006 WL 2371981 at *1 (N.D. Ohio, Aug. 15, 2006). In the absence of compelling arguments presented to the Court to the contrary, the Court, after additional consideration, declines to modify its previous Order dismissing YMC from the action.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration (ECF No. 81) is granted. The Court, however, leaves unmodified its previous Order (ECF No. 67) granting YMC's, *i.e.* Youngstown Municipal Court's motion to dismiss. Accordingly, Youngstown Municipal Court is no longer a party to the above-captioned case.

IT IS SO ORDERED.

December 11, 2012
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge