PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHEILA JURINE LAWSON, | ) | |
| | ) | CASE NO. 4:10cv2945 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CITY OF YOUNGSTOWN, *et al.*, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** [Regarding ECF Nos. 139; 140; |
| Defendants. | ) | 147] |

     This matter is before the Court upon *pro se* Plaintiff's "Motion to Enlarge Discovery Deadline Set in June 18, 2013 Court Order" (ECF No. 139), and her "Appeal From the Magistrate Judge's Court Order Dated June 17, 2013" (ECF No. 140). For the reasons that follow, the Court grants in part Plaintiff's motion to enlarge the discovery dates (ECF No. 139); denies ECF No. 139 in all other respects, and denies Plaintiff's motion appealing the June 17, 2013 Order (ECF No. 140).

## I. Background

     This employment discrimination action was filed on December 30, 2010. ECF No. 1. It has been rife with discovery disputes— as a result, the parties, two-and-a-half years later, have not completed fact discovery. The Court referred the case to the assigned magistrate judge initially for resolution of a discovery dispute and then for general pre-trial supervision. ECF No. 70. The magistrate judge has resolved the numerous discovery disputes, in addition to other matters that arose during this litigation. To date, pending before the Court, are Plaintiff's

(4:10cv2945)

motions to enlarge the discovery dates in the recently filed Order (ECF No. 135), and an appeal from the magistrate judge's decision regarding the filing of a transcript (ECF No. 134).  ECF Nos. 139; 140.

The Court considers Plaintiff's two pending motions, re-sets case management dates, and, satisfied that the matter is ready to proceed on track, hereby terminates the referral of the magistrate judge.

## II.  Legal Standard

When a party files a motion for reconsideration of a magistrate judge's nondispositive pretrial order, the district court may only reverse the magistrate judge's decision if it is "clearly erroneous or is contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  *See also Chesher v. Allen*, 122 Fed. Appx. 184, at *2 (6th Cir. 2005); *Freudeman v. Landing of Canton*, 2010 WL 2836764, at *1 (N.D.Ohio July 19, 2010).

## III.  Analysis

### A.  Plaintiff's Motion to Enlarge Discovery Dates

Plaintiff requests "an enlargement of the discovery deadline established in court order dated June 18, 2013."  ECF No. 139 at 1.  A review of the Order docketed on June 18, 2013 reveals a twenty-seven page document detailing each of the parties' disputes regarding specific interrogatories and requests for the production of specific documents, rulings on the merits of those disputes, and a timeline with which to comply.  ECF No. 135 at 4-24 (interrogatories numbered 5, 8, 10, 11, 12, 13, 14, 19, 20, 27-B, 31; requests for documents numbered 1-1, 1-5, 1-

2

(4:10cv2945)

6, 1-48, 1-8, 1-14, 1-31, 1-94, 1-34, 1-39, 1-40, 1-42, 1-49, 1-70, 1-80, 1-89, 2-1, 2-3, 2-5, 2-4, 2-20, 2-10, 2-34, 2-11, 2-12, 2-13, 2-15, 2-35, 2-36, 2-2, 2-6, 2-7, 2-8, 2-14, 2-17, 2-18). Plaintiff does not point to which portion of this "discovery deadline" she seeks an enlargement, nor does she explain her reasons for seeking enlargement. Plaintiff's request is, therefore, denied.

The Order also addresses other conflicts relevant to "Defendants' ongoing difficulty acquiring Plaintiff's educational and employment information, and the parties' conflicts regarding the continuation of Plaintiff's deposition." ECF No. 135 at 24. The issue of Plaintiff's educational and employment information has been addressed. *See* ECF Nos. 142; 143; 144.

Thus, to date, the only outstanding matter between the parties as it relates to discovery is their conflict regarding depositions. ECF No. 135 at 25. *See also* ECF No. 117. The original discovery cutoff was January 30, 2012 (ECF No. 25)—the most recent discovery cutoff date was set for May 31, 2013, which, too, has passed. *See* ECF No. 117. Accordingly, the Court grants an enlargement of discovery dates to permit Defendants to complete Plaintiff's deposition and to permit Plaintiff to conduct depositions of Defendants. **The depositions will occur no later than August 23, 2013**. **No further enlargements will be granted.**

### B. Plaintiff's Miscellaneous Requests

In her motion to enlarge discovery dates, Plaintiff also requests "an enlargement of time in order to make timely requests for appeals from the June 17, 2013 order and a part of the June 18, 2013 order pursuant to Local Rule 72.3(a)." ECF No. 139 at 1. Plaintiff then filed an appeal from the June 17, 2013 Order. ECF No. 140. The Court grants the portion of Plaintiff's motion

3

(4:10cv2945)

for an extension of time to appeal the June 17, 2010 Order, and considers as timely Plaintiff's appeal, *infra*.

Plaintiff also requests "clarification of the May 1, 2013 order in that the order states ECF #116 a motion filed by Plaintiff on February 19, 2013 in order to bring a discovery dispute to the district court 'is MOOT, as the discovery disputes are now before this Court for resolution.'" ECF No. 139 at 1-2. Plaintiff also alleges that she filed a "supplement" to her motion on March 7, 2013, which she states is "not mentioned in the May 1, 2013 order." ECF No. 139 at 2.

Both motions filed by Plaintiff seek to bring the discovery dispute to the attention of the Court. *See* ECF Nos. 116 at 1; 116-1 at 7; 118-1 at 1, 3. The Court responded by holding two hearings regarding the discovery disputes on April 17 and April 30, 2013.[1] It is not clear from Plaintiff's filing what she seeks clarification of—the Court notes that her request to bring the discovery dispute to the attention of the Court was successful; thus her motions were properly categorized as moot. Further clarification is unwarranted.

### C. Plaintiff's Appeal from the Court's June 17, 2013 Order

Plaintiff advances numerous arguments to the Court in support of her appeal of the magistrate judge's June 17, 2013 Order (ECF No. 134). *See* ECF No. 140. Plaintiff requests an order that the previously filed transcript of the April 30, 2013 Discovery Hearing (ECF No. 131) permanently be withdrawn because (1) "[t]he public release of one hearing transcript is not

---

[1] Moreover, the Court issued a detailed Order on June 18, 2013 regarding the merits of the dispute. ECF No. 135.

4

(4:10cv2945)

tailored to meet the narrow objectives of the Magistrate Judge and parties when the hearing was held"; (2) "[t]he disclosure of discussion of legal theories and opinions, case strategy, etc. largely prompted by Magistrate Judge Limbert's questioning of Plaintiff further disadvantages Plaintiff at this juncture where depositions of Defendant's and witnesses have not been held in this case"; and (3) "[t]he transcript contains skewed information in confidential documents for which a protective order has been issued and should be limited to attorneys only, not the public." ECF No. 140 at 3; 5.

Plaintiff, however, did not make the above arguments before the magistrate judge. *See* ECF No. 133. It is settled law that, "[w]hile the Magistrate Judge Act [] permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court review stage new arguments or issues that were not presented to the magistrate [judge]." *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000) (citing 28 U.S.C.A. 631 *et seq*.). *See also United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived"); *see also Borden v. Secretary of Health and Human Services*, 836 F.2d 4, 6 (1st Cir. 1987) (noting that the purpose of the Federal Magistrate's Act is to relieve courts of unnecessary work, and "it would defeat this purpose if the district court was required to hear matters anew on issues never presented to the magistrate [judge]. Parties must take before the magistrate [judge], 'not only their "best shot" but all of their shots[,]'" quoting *Singh v. Superintending Sch. Comm.*, 593

5

(4:10cv2945)

F.Supp. 1315, 1318 (D.Me. 1984)); *Greenhow v. Sec. of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("allowing parties to litigate fully their case before the magistrate [judge] and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act") (overruled on other grounds).  Because Plaintiff did not present her arguments to the magistrate judge in her "Request for an Erroneously Filed Document Ruling" (ECF No. 133), the Court may not consider her arguments in an appeal of the magistrate judge's order regarding that request.  Alternatively, Plaintiff's concerns are without merit.  There is no general cloak of secrecy that protects from publication the matters Plaintiff discussed in the transcript Plaintiff seeks to withdraw.  Plaintiff's Appeal (ECF No. 140) is, therefore, denied.

### D.  Additional Dates

As noted, fact discovery cutoff is August 23, 2013.  The dispositive motion cutoff is October 31, 2013.

### IV.  Conclusion

For the above stated reasons, the Court grants Plaintiff's request for an enlargement of dates only to the extent that the parties have until **August 23, 2013** to conduct depositions.  All other aspects of ECF No. 139 are denied.  Plaintiff's Appeal (ECF No. 140) is also denied.

Additionally, the Court orders that **all depositions shall be held at the Federal**

(4:10cv2945)

**Courthouse, 125 Market Street, Room 225, Youngstown, OH 44503**.[2]  The parties shall notify the Court of the expected dates and times of the depositions.

    The referral of this matter to the magistrate judge is hereby terminated.


    IT IS SO ORDERED.


|  August 15, 2013  |  /s/ Benita Y. Pearson  |
|---|---|
| Date | Benita Y. Pearson |
|  | United States District Judge |

---

  [2]  Although the record reflects that Plaintiff is apparently unwilling to be deposed at the Courthouse because she prefers a "neutral location"(ECF No. 135 at 27), Plaintiff has not explained why a deposition at the law offices of counsel for Defendant, which was "previously acceptable" (ECF No. 135 at 27), is neutral yet the Courthouse is not.  In the best interest of all, the Court orders depositions to be taken at the Courthouse.  Defendants' motion to relocate Plaintiff's deposition (ECF No. 147) is denied as moot.