PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| SHEILA JURINE LAWSON, | ) | |
| | ) | CASE NO. 4:10cv2945 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CITY OF YOUNGSTOWN, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Regarding ECF No 155] |

Pending before the Court is Defendants' Motion seeking a ruling of the Court's

September 5, 2013 Order (ECF No. 153). ECF No. 155.

## I.

*Pro se* Plaintiff Sheila Lawson commenced this action in December 2010 against the City

of Youngstown and four individual defendants, alleging she was wrongfully terminated based on

her race. She brings fourteen causes of action pursuant to Title VII, 42 U.S.C. §§ 1981, 1983 and

Ohio law. ECF No. 82. Because of the tortuous history of this case, and specifically Plaintiff's

refusal to cooperate with Defendants' attempts to depose her,[1] the Court, on September 5, 2013,

instructed Defendants to provide the Court with three potential deposition dates to take Plaintiff's

deposition. ECF No. 153. The events directly leading up to the September 5, 2013 Order are as

_____

[1] *See, e.g.*, ECF No. 150 (Court's Show Cause Order detailing the ongoing problem Defendants have had attempting to depose Plaintiff and cautioning Plaintiff sanctions may be imposed; issued by the Court after Plaintiff failed to show up for her scheduled deposition and repeatedly failed to respond to communication from Defendants' counsel); *see also Minutes of Proceedings*, 8/16/2013 Hearing; ECF No. 151 at 2 (Plaintiff's response to the Court's Show Cause Order, wherein she states that "recent demands on Plaintiff's schedule involving other judicial decisions led to her lack of knowledge of the Friday deposition").

(4:10cv2945)

follows:

Despite Defendants first attempting, in November 2012, to set a date to continue taking Plaintiff's deposition, Plaintiff has refused to be deposed.[2]  Defendants' latest attempt to depose Plaintiff began with a letter sent to Plaintiff on June 21, 2013, followed by two phone calls; another letter on July 5, 2013 followed by a phone call; and a July 30, 2013 letter setting the date for August 16, 2013, all with no response from Plaintiff.  ECF No. 152-1 at 1.  Defendants also telephoned Plaintiff on August 15, 2013, but Plaintiff did not respond to these calls or the messages left.  ECF No. 152 at 2.  After Plaintiff failed to show for the August 16, 2013 deposition, the Court issued a Show Cause Order asking Plaintiff to show cause why she should not be found in contempt of Court, ECF No. 150, and thereafter held a Hearing.

Plaintiff did not attend the Hearing.[3]  Shortly following the conclusion of the Hearing, Plaintiff telephoned Defendants.  ECF No. 152 at 2.  During that call, Defendants apprised Plaintiff of the events that occurred at the Hearing, and attempted to reschedule the deposition for

---

[2]  Plaintiff was deposed on November 7, 2012, while still represented by counsel.  ECF No. 69 at 5.  Defendant Kolby's counsel examined Plaintiff; counsel for the other Defendants had not done so.  ECF No. 69 at 5.  Moreover, after Plaintiff's incomplete deposition, she filed a Fourth Amended Complaint adding three additional parties, as well as a new claim for breach of implied contract and additional § 1981 causes of action.  ECF No. 82 at 24-25, 31.

Shortly following Plaintiff's initial deposition, Plaintiff's counsel moved to withdraw as Plaintiff's attorney, which the Court granted.  See ECF No. 44.  Plaintiff has thereafter proceeded pro se.

[3]  The Hearing was held within hours of Defendants notifying the Court that Plaintiff did not show up for her deposition.  Plaintiff's absence at the Hearing, therefore, was unfortunate but not unexpected.  Plaintiff states that she did not receive the Court's August 15, 2013 Order setting the location for the August 16, 2013 deposition in time to comply with it.  See ECF No. 151 at 1.

(4:10cv2945)

August 19, 2013, a date Plaintiff indicated she had erroneously believed the deposition had originally been scheduled for, but Plaintiff stated she was unable to be deposed on August 19, 2013.  ECF No. 152 at 4-5.  Defendants sent Plaintiff a letter on August 17, 2013, suggesting August 23, 2013 as a possible date, and asked that Plaintiff respond by August 21, 2013, but Plaintiff did not respond by that date.  ECF No. 152 at 5.  On August 22, 2013, Plaintiff called Defendants to say that she will not be deposed on August 23, 2013.  ECF No. 152 at 5.

Thereafter, the Court issued an Order instructing Defendants file a notice with the Court suggesting three possible deposition dates, and instructing Plaintiff to respond to the Court within five business days, indicating her preference as to one of the three dates.  ECF No. 153.  The Court cautioned: "Plaintiff is on notice that should she continue to pose obstacles to being deposed and otherwise protracting the discovery in this nearly three-year-old case, the Court will impose sanctions which may include the dismissal of her complaint or barring her from opposing any dispositive motion, among other things."  ECF No. 153 at 2.

On September 11, 2013, as instructed, Defendants filed a Joint Notice of Available Deposition Dates.  ECF No. 154.  On September 25, 2013, fourteen days after the date of Defendants' notice, Defendants filed a motion pointing out that Plaintiff had not responded to the Court as ordered and seeking a ruling on the Court's September 5, 2013 Order (ECF No. 153).  ECF No. 155.  Defendants state that they "have all continued holding all five days open on their calendar for Plaintiff's deposition for the past two weeks, and will continue to do so until

(4:10cv2945)

obtaining a ruling from this Court."[4]  ECF No. 155-1.

On September 25, 2013, the Court set a telephone conference to be held on September 30, 2013.  ECF No. 156.  The Court, to ensure the unfettered participation of all parties, especially Plaintiff, provided the participants with a toll-free telephone number.  *Id*.  Plaintiff did not call the Court.  The telephone conference was conducted with counsel for Defendants and the court reporter.

## II.

Federal Rule Civil Procedure 37(d)(1)(A)(i) provides that sanctions may be ordered if a "party fails, after being served with proper notice, to appear for that person's deposition."  Additionally,

> [u]nder Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, "a district court may sanction parties who fail to comply with its orders in a variety of ways, including dismissal of the lawsuit." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995).  As the magistrate judge correctly observed, we consider four factors when reviewing a district court's dismissal under Rule 37(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (internal quotation marks and citation omitted).  "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Id*.[5]

*Universal Health Group v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013).

---

[4]  Because it was possible they would need more than one day to finish Plaintiff's deposition, Defendants set aside five days for conducting the deposition.

[5]  "Contumacious" conduct is "perverse in resisting authority" and "stubbornly disobedient." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Webster's Third New International Dictionary* 496 (1986)).

(4:10cv2945)

In the instant case, all four factors are met.  Plaintiff's failure to comply with deposition requests and the Court's Order was "either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on th[e] proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (explaining what constitutes willfulness, bad faith or fault, quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001)).  Despite bringing this lawsuit, Plaintiff has been uncooperative from the time she was first noticed of her continued deposition, in November 2012.[6]  *See* ECF No. 99 at 3 (Defendant's Notice of Discovery Dispute, explaining, among other things, Plaintiff's failure to respond to their suggestion of dates to take her deposition, sent November 7, 2011).  Despite further attempts by Defendants and two Court Orders concerning her failure to cooperate, Plaintiff, almost eleven months later, still will not respond to Defendants or the Court regarding possible deposition dates.

Moreover, "Plaintiff's duty to comply with the Federal Rules of Civil Procedure, including those pertaining to discovery and motion practice, is not lessened merely because [s]he appears *pro se*." *Despot v. Nationwide Ins.*, 2013 WL 4678857, at *3 (S.D.Ohio Aug. 30, 2013) (citing *Thomas v. Victoria's Secret Stores*, 141 F.R.D. 456, 461 (S.D.Ohio 1992)).  A review of the docket illustrates that Plaintiff is capable of vigorously litigating when she is inclined to do

---

[6]  After the magistrate judge resolved the first discovery dispute noted on the docket by ordering (*via* ECF No. 43) Plaintiff to produce certain documents and sign certain releases on or before December 13, 2011, Plaintiff's counsel moved to withdraw, explaining that "[a ] profound and fundamental disagreement has arisen concerning how to proceed in regards to this Order." ECF No. 44 at 2.  At that early stage of the case, Plaintiff's counsel "disagree[d] with the client's direction" and forsaw "that pursuing the suggested approach would be extremely detrimental to the case." *Id*.  In its motion to withdraw, Counsel acknowledged that "similar disagreements have arising on numerous occasions during this case, making continued representation unreasonably difficult at best." *Id*.  Needless to say, the situation did not improve.

5

(4:10cv2945)

so.[7]  Her excuse for failing to appear for her scheduled deposition, stated in her response to the Court's Show Cause Order, is unavailing.  Plaintiff simply asserts that she did not receive notice of her scheduled deposition due to "recent demands on Plaintiff's schedule."  ECF No. 151 at 2. The Court notes that Plaintiff's mailing address has been the same throughout the litigation, and that she has not indicated the address is incorrect.  Indeed, Plaintiff is obviously receiving correspondence from the Court as evinced by her occasional responses.  Additionally, Plaintiff will not provide an email address and insists that her telephone number is the only way to reach her—yet she claims ignorance of calls received and voicemails left.[8]  Despite Plaintiff's apparent belief that this litigation may proceed at her leisure, the Court has warned her otherwise.  Her ostrich-like behavior is inexcusable, willful and in bad faith.

As for the second factor, Defendants have been prejudiced by Plaintiff's behavior. Plaintiff initiated this civil rights action on December 20, 2010, and, almost three years and numerous discovery disputes later, fact discovery has not been completed.  Defendants, who are public entities, officials and employees, have paid legal expenses related to their defense, including, most recently, paying a court reporter to appear for a deposition that never took place. See *Schafer*, 529 F.3d at 737 (prejudice includes "wasted time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide," quoting *Harmon v. CSX*

---

[7] It is unclear whether Plaintiff has a law degree.  It is common knowledge, however that she has studied the law.  Her legal studies places her in a better position than the average *pro se* litigant.

[8] On at least one occasion, Plaintiff's voicemail was full, precluding Defendants from even that method of communication.  ECF No. 69 at 4-5.

(4:10cv2945)

*Transp.*, 110 F.3d 364, 368 (6th Cir. 1997)).  They have spent almost three years attempting to defend themselves against Plaintiff's allegations which, without Plaintiff's deposition, they cannot properly defend.

Twice, the Court has warned Plaintiff that her failure to cooperate could lead to dismissal, the third factor.  *See* ECF Nos. 150 at 3; 153 at 2.

As to the fourth factor, less drastic sanctions have been considered and threatened by the Court.  Given, however, Plaintiff's consistent obstinance, the Court is in doubt that less drastic sanctions will yield Plaintiff's compliance.  Plaintiff has persistently refused to cooperate with Defendants and abide by the rules that govern civil litigation.[9]  She has repeatedly defied and unreasonably challenged the orders of the magistrate judge and now defies the undersigned's order which reasonably requests that she indicate what dates on which she is available to be deposed.  The Court permitted Plaintiff five days to respond— nineteen days have passed and Plaintiff has still not responded.  The Court finds that Plaintiff's "conduct violates the rules of civil procedure and common courtesy alike," *Universal Health Group*, 703 F.3d at 956.

Plaintiff's conduct is sanctionable.   To be clear, Plaintiff is not being sanctioned because of her failure to comply with the Order issued on August 15, 2013.  Rather, Plaintiff's cumulative noncompliance throughout the pendency of this case has earned this discipline.  Her failure to

---

[9]  *See e.g.* ECF Nos. 58-1 (Defendants' Motion to Compel discovery, filed after Plaintiff did not comply with the Court's Orders, ECF Nos. 45, 52, instructing her to provide discovery responses and did not respond to Defendants communication about the same); 86 (Court Order instructing Plaintiff to comply with discovery and warning that failure to do so may result in sanctions); 99 (detailing Plaintiff's non-compliance with discovery request and lack of response to Defendants' communication regarding same).

(4:10cv2945)

comply with the Court's Order of September 5, 2013 is simply the last act in a rather tragic play.

**III.**

For the reasons stated above, the Court grants Defendants' motion in part.  The complaint is dismissed with prejudice.  This matter is now closed on the Court's docket.  Each party shall bear its own costs.


IT IS SO ORDERED.


  September 30, 2013                        /s/ Benita Y. Pearson
Date                                   Benita Y. Pearson
                                       United States District Judge